DEVIN DERHAM-BURK, #104353
CHAPTER 13 STANDING TRUSTEE
JANE Z. BOHRER #243692
P.O. BOX 50013
SAN JOSE, CA 95150-0013

TELEPHONE: (408) 354-4413
FACSIMILE: (408) 354-5513

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

| | |
|---|---|
| **IN RE:**<br>**SUSAN B. ELLIOTT,**<br><br>**Debtor.** | **CHAPTER 13 CASE NO. 19-50393 SLJ** |
| **SUSAN B. ELLIOTT,**<br><br>**Plaintiff,**<br><br>**Vs.**<br><br>**RUSHMORE LOAN MANAGEMENT SERVICES, LLC, et al.**<br><br>**Defandants.** | **ADVERSARY PROCEEDING NO. 23-5039**<br><br>**MOTION BY CHAPTER 13 TRUSTEE FOR ORDER TO CLARIFY STIPULATION REGARDING PRE-PETITION ARREARS**<br><br>Date: September 22, 2026<br>Time: 1:30 p.m.<br>Judge: Hon. Stephen L. Johnson<br>Place: 280 S. First St., Courtroom 10<br>San Jose, CA 95032<br>Or by Telephone/Video Conference |

Devin Derham-Burk, Standing Chapter 13 Trustee ("Trustee"), moves this Court for an order to clarify the Stipulation Regarding Pre-Petition Arrears ("Stipulation"), [Docket #68],

and/or clarify the Court's Order Regarding Pre-Petition Arrears that the Court entered June 23, 2026 ("June 26 Order"), [Docket #69]. Plaintiff and Defendants (collectively, defendants referred to as "Rushmore") entered into the Stipulation essentially to reserve their respective rights to continue litigating the amount due to Rushmore pursuant to Rushmore's proof of claim ("POC") filed in this case. *See* Main Case, Claims Register at Claim No. 5. Debtor has included an objection to Rushmore's POC as part of her complaint filed in this Adversary Proceeding. [AP Docket #1 at pp. 24-25, Thirteenth Cause of Action].

Rushmore's POC includes an impaired claim for $57,522.09 in pre-petition mortgage arrears, which the Trustee is to pay in accordance with Debtor's confirmed chapter 13 plan ("Plan"). The Stipulation appears to assume that the Trustee will pay some or all of the pre-petition mortgage arrears before the conclusion of this Adversary Proceeding, but it does not specifically authorize the Trustee to make those payments or specify what amount the Trustee is authorized to pay. Before the Trustee disburses any further funds to Rushmore, the Trustee requests additional clarification and direction regarding any further disbursements with respect to Rushmore's POC.

In support of this Motion, and pursuant to Fed. R. Evid. 201, which is applicable to bankruptcy proceedings pursuant to Fed. R. Bankr. P. 9017, the Trustee requests that the Court take judicial notice of its own files and records in this case. In further support of her request, the Trustee submits her own declaration and states as follows:

//

//

//

## **Background Facts**

1. In June 2019, the Court confirmed Debtor's first amended chapter 13 plan ("Plan"). [Main Case Docket #19 and #26]. The Plan provides for the Trustee to disburse on Rushmore's impaired claim for pre-petition mortgage arrears.[1]

2. Pursuant to § 3.07 of the Plan, the Trustee began to disburse monthly arrearage dividends to Rushmore in August 2020. Declaration of Devin Derham-Burk ("Trustee Decl.") at ¶ 3.

3. A little over three years later, in October 2023, Debtor initiated the instant Adversary Proceeding. Debtor's complaint, as mentioned above, includes an objection to Rushmore's POC as the thirteenth of twenty-two causes of action asserted against Rushmore. Coincidentally, around the time Debtor filed this Adversary Proceeding, the Trustee placed a reserve[2] on her disbursements to Rushmore because her disbursement checks to Rushmore were being returned as undeliverable and the Trustee had no good forwarding address for Rushmore. Trustee Decl. at ¶ 4. The Trustee removed the reserve and resumed monthly disbursements to Rushmore in July 2025 after the Trustee received updated payment address information. Trustee Decl. at ¶ 5.

4. In February 2026, Debtor's counsel contacted the Trustee's office to advise that Debtor was about to remit a large lump-sum plan payment to the Trustee but that the Trustee should not be disbursing any amount to Rushmore until the pre-petition arrearage amount due to Rushmore was finally determined. Debtor's counsel explained that Debtor had objected to

---

[1] Since confirmation, Debtor has twice modified her Plan, but each modification has continued to provide for the Trustee to disburse on Rushmore's claim for pre-petition mortgage arrears. [Main Case Docket #40, #44, #57 and #62].

[2] When a reserve is in place, the Trustee collects a debtor's plan payments as usual, but the Trustee retains or "reserves" all funds that she would have otherwise disbursed to the holder of the reserved claim until the issue preventing payment can be resolved. Once resolved, the Trustee removes the reserve and, where appropriate, disburses all reserved funds to that creditor. Trustee Decl. at ¶ 4.

the POC as part of this Adversary Proceeding and that no disbursements should be made until the Adversary Proceeding was finally concluded. Trustee Decl. at ¶ 6.

5. The Trustee believes that the wording of Debtor's objection to Rushmore's claim does not require the Trustee to stop all disbursements with respect to the POC. However, in an abundance of caution and to avoid unnecessary litigation with Debtor, the Trustee immediately placed a *new* reserve on her disbursements to Rushmore related to Debtor's pre-petition mortgage arrears. Trustee Decl. at ¶ 7.

6. Without consultation with or notice to the Trustee, Debtor and Rushmore have now entered into the above-described Stipulation and filed it in this Adversary Proceeding. After the Court entered its June 26 Order approving the Stipulation, Debtor's counsel provided a copy of the Stipulation to the Trustee. Trustee Decl. at ¶ 8. Once the Trustee reviewed the Stipulation, she contacted Debtor's counsel to confirm that Debtor agreed that the Trustee could proceed to pay the remainder due on pre-petition arrears portion of Rushmore's POC. Because Debtor's counsel had previously objected to *any* plan disbursements pending resolution of the claims objection process, the Trustee requested written authorization from Debtor to pay the claim in full from funds on hand, subject to Debtor's and Rushmore's reservation of rights as set forth in the Stipulation. Trustee Decl. at ¶ 9. Debtor's counsel did not provide written authorization but suggested, instead, that the Trustee might want to obtain a further order from the Court to obtain authority to pay the POC in full (the only claim left to be paid). Trustee Decl. at ¶ ¶ 10-11. Once Rushmore's pre-petition claim is paid, this case will be ready to close. Trustee Decl. at ¶ 11.

7. In light of the ongoing dispute over the amount owed to Rushmore and Debtor's unwillingness to acknowledge that the Trustee may pay the full amount of Rushmore's claim for pre-petition arrears, the Trustee requests clarification and direction from the Court

regarding the Trustee's authority to disburse in full with respect to Rushmore's claim for pre-petition arrears.

**Request for Relief**

WHEREFORE, based on the above, the Trustee respectfully requests that the Court amend its June 26 Order approving the Stipulation to provide that approval of the Stipulation is conditioned on and subject to:

a) The Trustee proceeding to disburse on Rushmore's claim for pre-petition arrears in full, as if there was no objection to the POC; and,

b) The Trustee taking and keeping her statutory fee on all Trustee disbursements with respect to Rushmore's claim for pre-petition arrears regardless of any subsequent determination that Debtor owed/owes a different amount.

Dated: August 20, 2026

Respectfully submitted,

/s/ *Jane Z. Bohrer*
Attorney for the Chapter 13 Trustee



Case: 23-05039 Doc# 71 Filed: 08/20/26 Entered: 08/20/26 16:55:57 Page 5 of 5