DEVIN DERHAM-BURK #104353
CHAPTER 13 STANDING TRUSTEE
JANE Z. BOHRER #243692
P O BOX 50013
SAN JOSE, CA 95150-0013

Telephone: (408) 354-4413
Facsimile: (408) 354-5513

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| **IN RE:**<br>**SUSAN B. ELLIOTT,**<br>**Debtor.** | **CHAPTER 13 CASE NO. 19-50393 SLJ** |
| **SUSAN B. ELLIOTT,**<br>**Plaintiff,**<br>**Vs.**<br>**RUSHMORE LOAN MANAGEMENT SERVICES, LLC, et al.**<br>**Defendants.** | **ADVERSARY PROCEEDING NO. 23-5039**<br><br>**DECLARATION OF DEVIN DERHAM-BURK, TRUSTEE**<br><br>Date: September 22, 2026<br>Time: 1:30 p.m.<br>Judge: Hon. Stephen L. Johnson<br>Place: 280 S. First St., Courtroom 10<br>San Jose, CA 95032<br>Or by Telephone/Video Conference |

I, Devin Derham-Burk, declare:

1. I am an attorney at law duly licensed to practice before this Court and am the duly appointed Chapter 13 Standing Trustee ("Trustee") for the above chapter 13 bankruptcy case.



Case: 23-05039 Doc# 71-1 Filed: 08/20/26 Entered: 08/20/26 16:55:57 Page 1 of 4

2. As the Trustee, I have direct knowledge of the following facts. Where I do not have direct knowledge of facts, I have knowledge based upon contemporaneous electronic and written records that I maintain in prosecution of my duties as the Standing Trustee. An integral part of my work duties includes the supervision of the Standing Trustee's employees, together with maintenance and control of the Standing Trustee's computer system. All information recorded into the computer system is recorded contemporaneously with all transactions. Additionally, the computer system maintains an accurate balance of funds received from debtors and disbursements made to creditors. The information, which I attest to herein, is derived from these sources. I am competent to attest thereto as the custodian of the Standing Trustee's records.

3. In June 2019, the Court confirmed the first amended chapter 13 plan ("Plan") that debtor Susan Elliott ("Debtor") filed in this case. [Main Case Docket #19 and #26]. Debtor's Plan, including all subsequent modifications thereto, provides that I am to disburse on an impaired claim for pre-petition mortgage arrears held by U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for Loan Acquisition Trust 2017-RPL1 and serviced by Rushmore Loan Management Services (collectively "Rushmore"). Pursuant to § 3.07 of Debtor's Plan, I began to disburse monthly arrearage dividends to Rushmore in August 2020.

4. In November 2023, I placed a reserve on my disbursements to Rushmore because several of my disbursement checks to Rushmore had been returned as undeliverable, and I did not have a forwarding address for Rushmore's disbursements. When I place a reserve on a claim, I collect a debtor's plan payments as usual, but I retain or "reserve" all funds that I would have otherwise disbursed with respect to the reserved claim until the issue preventing payment can be resolved. Once resolved, I remove the reserve and, where appropriate, disburse all reserved funds to the holder of the claim.

5. I removed the reserve on Rushmore's claim and resumed monthly disbursements to Rushmore in July 2025 after I received updated payment address information.

6. In February 2026, Debtor's counsel contacted my office to advise that Debtor was about to remit a large lump-sum plan payment to me but that I should not disburse any funds to Rushmore until there was a final determination of the amount due to Rushmore for pre-petition mortgage arrears. Debtor's counsel explained that Debtor had objected to Rushmore's claim as part of an Adversary Proceeding and that no disbursements should be made until the Adversary Proceeding was finally concluded.

7. I have reviewed Debtor's objection to Rushmore's claim, [Adversary Docket #1, Thirteenth Cause of Action], and do not believe that the wording of that objection requires me to stop all disbursements with respect to Rushmore's claim for pre-petition mortgage arrears. However, in an abundance of caution and to avoid unnecessary litigation with Debtor, I immediately placed a new reserve on disbursements to Rushmore.

8. In June 2026, without consulting me, Debtor and Rushmore executed a Stipulation Regarding Pre-Petition Arrears ("Stipulation") and filed it in Debtor's Adversary Proceeding against Rushmore. After the Court entered its Order Regarding Pre-Petition Arrears, which approves the Stipulation, Debtor's counsel provided a copy of the Stipulation to me.

9. Once I reviewed the Stipulation, I emailed Debtor's counsel to confirm that Debtor agreed that I could proceed to pay the remainder due on the pre-petition arrears portion of Rushmore's claim despite the unresolved objection to claim. The Stipulation seems to assume that I will be making some disbursements on Rushmore's claim, but it does not specifically authorize me to do so, nor does it specify what amount I am authorized to pay. Because Debtor's counsel previously objected to *any* plan disbursements pending resolution of the claims objection process,

I requested written authorization from Debtor to pay the claim in full from funds on hand, subject to Debtor's and Rushmore's reservation of rights as set forth in the Stipulation.

10. Debtor's counsel did not provide written authorization but suggested, instead, that I might want to obtain a further order from the Court to obtain authority to pay the POC in full.

11. Rushmore's claim for pre-petition mortgage arrears is the only claim left for me to pay, and I have sufficient funds on hand to pay it in full. Once I pay Rushmore's claim, this case will be ready to close.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on this 20th day of August 2026 at Campbell, California.

/s/ *Devin Derham-Burk*
Chapter 13 Standing Trustee